

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 14  AM 5: 58

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDY S. KEHOE | * | CIVIL ACTION NO. 05-2139 |
| VERSUS | * | JUDGE FELDMAN |
| RYDER TRUCK RENTAL, INC., | * | MAG. JUDGE SHUSHAN |
| UNUMPROVIDENT CORPORATION, | | |
| UNUM LIFE INSURANCE COMPANY, AND | * | SECT. F, MAG. 1 |
| FIDELITY INVESTMENTS INSTITUTIONAL | | |
| SERVICES COMPANY, INC. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*

### DEFENDANT'S MOTION TO ESTABLISH
### SUBJECT MATTER JURISDICTION PURSUANT TO ERISA,
### MOTION TO STRIKE JURY DEMAND, AND
### <u>MOTION TO DISMISS CLAIMS ARISING UNDER STATE LAW</u>

**MAY IT PLEASE THE COURT**:

Defendant, UNUM Life Insurance Company of America (hereinafter sometimes referred to

as "UNUM"), respectfully moves this Honorable Court to declare that the group long term disability

policy and the group life policy issued by UNUM to Ryder System, Inc. are part of an employee

welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA),

29 U.S.C. 1001, *et seq.*  Additionally and in accordance with a determination by this Court that

ERISA governs the group policies at issue, UNUM respectfully moves this Honorable Court to strike

plaintiff's jury demand.  Lastly and in accordance with a determination by this Court that ERISA



Fee_____
Process_____
X  Dktd_____
✓  CtRmDep_____
____  Doc. No._____

governs the group policy at issue, UNUM respectfully moves this Honorable Court to dismiss all claims arising under state law, pursuant to ERISA's preemption provisions.

In support of said motions, UNUM attaches hereto the Affidavit of Kevin Perrigo, Manager, Legal Services/Compliance, Group Life/Special Risk Benefits Center for UNUM, who certifies as true and correct the attached copy of the administrative record. (Identified as "Exhibit A" and "Exhibit A-1" respectively). Mr. Perrigo's affidavit also testifies to facts pertaining to policy negotiations and employer participation in the administration of the group life policy issued by UNUM.

Additionally, UNUM relies upon and attaches hereto the Affidavit of William Tyson Bradley, II, a Senior Consultant for UNUM. (Identified as "Exhibit B"). Mr. Bradley's affidavit testifies to the facts pertaining to the policy negotiations and employer participation in the administration of the group long-term disability policy issued by UNUM.

**WHEREFORE,** defendant, UNUM Life Insurance Company of America, prays that this Honorable Court grant Unum's Motions and declare the following: (1) that the Long Term Disability Policy and the Life Policy issued by UNUM to Ryder System, Inc. are part of an employee welfare benefit plan governed by ERISA; (2) that Plaintiff is not entitled to a jury trial and therefore the jury demand is stricken from the record; and (3) that claims asserted by plaintiff which arise under state law are preempted by ERISA and are thereby by dismissed with prejudice.

Respectfully submitted,

*[signature: Lauren A. Welch]*

LAUREN A. WELCH (La. Bar 17199)
RETHA E. KARNES (La. Bar 26355)
McCRANIE, SISTRUNK, ANZELMO, HARDY,
    MAXWELL & McDANIEL, PC
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Direct Fax No.: (504) 831-8585
*Attorneys for Defendant, UNUM Life Insurance Company of America*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing  has been served upon all counsel of record by depositing same into the United States Mail, postage prepaid and properly addressed this ___14th___ day of March, 2006.

*[signature: Lauren A. Welch]*

LAUREN A. WELCH
RETHA E. KARNES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDY S. KEHOE | * | CIVIL ACTION NO. 05-2139 |
| VERSUS | * | JUDGE FELDMAN |
| RYDER TRUCK RENTAL, INC., | * | MAG. JUDGE SHUSHAN |
| UNUMPROVIDENT CORPORATION, | | |
| UNUM LIFE INSURANCE COMPANY, AND | * | SECT. F, MAG. 1 |
| FIDELITY INVESTMENTS INSTITUTIONAL | | |
| SERVICES COMPANY, INC. | * | |

\*   \*   \*   \*   \*   \*   \*   \*

## <u>NOTICE OF HEARING</u>

**TO:**   1.   JUDY S. KEHOE,
through her counsel of record,
Robert Seth Reich, Esq.
Michelle M. O'Daniels, Esq.
Reich, Meeks & Treadway
3850 N. Causeway Blvd., Suite 1000
Metairie, Louisiana   70002

2.   FIDELITY INVESTMENTS INSTITUTIONAL SERVICES COMPANY, INC.,
through its counsel of record,
Howard Shapiro, Esq.
Charles F. Seemann, III, Esq.
Heather Gail Magier, Esq.
Proskauer Rose, L.L.P.
LL & E Tower
909 Poydras Street, Suite 1100
New Orleans, Louisiana   70112-4017

1

3.      RYDER TRUCK RENTAL, INC.
        through its counsel of record,
        Edward Francis Harold, Esq.
        Fisher & Phillips, LLP
        201 St. Charles Avenue
        Suite 3710
        New Orleans, Louisiana   70170
            And
        Kimberly J. Gost, Esq.
        Sarah E. Pontski, Esq.
        Morgan, Lewis & Bockius
        1701 Market Street
        Philadelphia, PA 19103


**PLEASE TAKE NOTICE** that defendant, UNUM Life Insurance Company of America, will

bring a Motion to Establish Subject Matter Jurisdiction under ERISA, Motion to Strike Jury

Demand, and Motion to Dismiss  Claims arising under State Law for hearing on **Wednesday, the**

**5th day of April, 2006, at 10:00 a.m.** in the above captioned matter.

Respectfully submitted,


*Lauren A. Welch*

LAUREN A. WELCH,  Bar No. 17199
RETHA E. KARNES, Bar No. 26355
MCCRANIE, SISTRUNK, ANZELMO
HARDY, MAXWELL & MCDANIEL
3445 North Causeway Boulevard, 8th Floor
Metairie, LA  70002
Telephone: 504-831-0946
Direct Fax No.: 504-831-8585
*Attorneys for Defendant, Unum Life Insurance
Company of America*


2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 14th day of March, 2006.

LAUREN A. WELCH
RETHA E. KARNES

3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDY S. KEHOE | * | CIVIL ACTION NO. 05-2139 |
| VERSUS | * | JUDGE FELDMAN |
| RYDER TRUCK RENTAL, INC., | * | MAG. JUDGE SHUSHAN |
| UNUMPROVIDENT CORPORATION, | | |
| UNUM LIFE INSURANCE COMPANY, AND | * | SECT. F, MAG. 1 |
| FIDELITY INVESTMENTS INSTITUTIONAL | | |
| SERVICES COMPANY, INC. | * | |

\*     \*     \*     \*     \*     \*     \*     \*

**UNUM'S MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH
SUBJECT MATTER JURISDICTION PURSUANT TO ERISA,
MOTION TO STRIKE JURY DEMAND, AND
MOTION TO DISMISS CLAIMS ARISING UNDER STATE LAW**

Defendant, UNUM Life Insurance Company of America, files this Memorandum in Support of Motion to Establish Subject Matter Jurisdiction Pursuant to ERISA, Motion to Strike Jury Demand, and Motion to Dismiss Claims Arising under State Law. In support of said motions, UNUM attaches hereto the affidavits of Kevin Perrigo and William Tyson Bradley, II. (Identified as "Exhibit A" and "Exhibit B," respectively).

Mr. Perrigo is Manager, Legal Services/Compliance, Group Life/Special Risk Benefits Center for UNUM, and he certifies as true and correct the attached copy of the administrative record.

1

(Identified as "Exhibit A-1").[1]  Mr. Perrigo's affidavit also testifies to facts pertaining to policy

negotiations and employer participation in the administration of the group life policy issued by

UNUM.  While a true copy of the Life policy is contained in the administrative record, for ease of

reference, an additional copy of the applicable Life policy (UACL 00383-428) is also attached to

Mr. Perrigo's affidavit and identified as "Exhibit A-2."

Mr. Bradley is a Senior Consultant for UNUM, and he testifies to facts pertaining to policy

negotiations and employer participation in the administration of the group long-term disability

("LTD") policy issued by UNUM.  While a true copy of the LTD policy is contained in the

administrative record, for ease of reference, an additional copy of the applicable LTD policy (UACL

00058-105) is attached to Mr. Bradley's affidavit and identified as "Exhibit B-1."

## I.   PROCEDURAL POSTURE OF THE CASE

The plaintiff's husband, Michael Kehoe, was a covered employee under the Ryder System,

Inc. employee welfare benefit plan.  The Ryder plan, among other benefits, offered employees long

term disability ("LTD") and life benefits.  Defendant, UNUM, issued the group LTD policy and the

group life policy.  UNUM was the claims administrator under both group policies, and Ryder System,

Inc., the employer and plan sponsor, was the Plan Administrator under both group policies (Exh. B-1

at UACL 00065-70; Exh. A-2 at UACL 00389-393).

Mr. Kehoe stopped working in November of 2003 and filed a claim for  LTD benefits.

UNUM reviewed the claim and in May 2004 notified Mr. Kehoe that his claim had been approved

and would be paid under the LTD policy.  (UACL 00031-32).  Mr. Kehoe passed away on May 21,

---

[1]The administrative record has been bates stamped in the lower right corner of each page,
UACL 00001 through UACL 00428.  Throughout this Memorandum, UNUM will use pin-point
citation when referring to the administrative record, utilizing the "UACL" pagination reference.

2004. (UACL 00380). Pursuant to the LTD policy terms, UNUM paid survivor LTD benefits to Mr. Kehoe's wife, Judy Kehoe, plaintiff herein. (UACL 00013-14). The LTD claim is not at issue in the captioned matter.

As Mr. Kehoe's life benefits beneficiary, on or about July 7, 2004, plaintiff submitted a claim to UNUM under the group life plan. (UACL 00226). By correspondence dated July 12, 2004, UNUM notified plaintiff that the life claim had been approved and that the life proceeds in the amount of $74,000.00 (which represented Mr. Kehoe's annual salary) had been deposited in a money market account in her name. (UACL 00233).

Thereafter, plaintiff sought additional life benefits at two times Mr. Kehoe's salary, or an additional amount of $148,000.00. (UACL 00317-318). UNUM advised that while Mr. Kehoe had attempted to increase his life benefits prior to his death, he did so after he had stopped working due to his disability claim. Mr. Kehoe never returned to active employment and Mr. Kehoe never provided proof of insurability which was required in order to be eligible for the increased benefits. Consequently, UNUM denied plaintiff's claim for additional life benefits.

Administrative remedies under the life policy claim were exhausted. Thereafter, the plaintiff filed the captioned law suit, seeking recovery of additional benefits under the group life policy.

## II.    LAW AND ARGUMENT

UNUM will address each motion separately. First, UNUM will establish that federal question jurisdiction exists because the employee welfare benefit plan at issue is governed by ERISA. Next, UNUM will argue that, under ERISA, plaintiff's jury demand should be stricken. Lastly, UNUM will argue that, under ERISA, all of plaintiff's state law claims are preempted.

3

A.    **The *Ryder System, Inc.* Plan is an employee welfare benefit plan within the meaning of ERISA.**

ERISA defines an "employee welfare benefit plan," in part, as "any plan, fund or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries . . . benefits in the event of . . . death." 29 U.S.C.§1002(1).  The Court must answer three questions to decide if a given plan qualifies as an ERISA plan.  First, does the plan exist?  *McNeil v. Time Insurance Company*, 205 F. 3d 179, 189 (5th Cir. 2000).  Second, does the plan fall outside the safe harbor exclusion established by the Department of Labor.  *Id.*  Third, does the plan "meet the ERISA requirement of establishment or maintenance by an employer for the purpose of benefitting plan participants."  *Id.*  If the answer to each of these questions is in the affirmative, then the plan at issue is an ERISA plan.  See *Hansen v. Continental Ins. Co.*, 940 F. 2d 971, 978-79 (5th Cir. 1991).

1.    **Did a Plan Exist?**

In order to determine if an employee welfare benefit plan "exists," the "court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits."  *Id.*;  *Meredith v. Time Ins. Co.*, 980 F. 2d 352,  355 (5th Cir. 1993).  In *Hansen, supra.*, the court held that a plan did exist because "a reasonable person would easily conclude that the intended benefits were accidental death and dismemberment insurance, that the beneficiaries were Fairfield employees and their dependents, that the premiums were paid by the employee, and that benefits would be received by submitting claims to the Fairfield employee benefits administrator, who would submit them to the insurer."  *Hansen*, 940 F. 2d at 978-79.

4

In the case at hand, the Affidavits of Mr. Perrigo and Mr. Bradley establish that UNUM issued group life policy, identification number 586051 002, under the Select Group Insurance Trust Policy No. 292000, and group long term disability ("LTD") policy number 586051 001 to plaintiff's husband's employer, Ryder System, Inc. and that both policies had an effective date of January 1, 2003. (Exh. A at ¶ 3; Exh. B at ¶ 3). The LTD policy provided long term disability benefits to eligible employees of the policyholder, Ryder System, Inc., as part of an employee welfare benefit plan. (Exh. B at ¶ 5). Likewise, as part of the same employee welfare benefit plan, the Life policy provides life benefits to eligible employees of the policyholder, Ryder System, Inc. (Exh. A at ¶ 7).

Plaintiff's husband, Michael Kehoe, was a covered participant under both group policies issued to his employer by UNUM. (Exh. A at ¶ 8; Exh. B at ¶ 6). True and correct copies of the LTD policy and the Life policy are contained in the administrative record (at UACL 00058-105, UACL 00383-428), and a copy of the complete administrative record is attached to the Affidavit of Kevin Perrigo. (Exh. A; Exh. A-1; Exh. B).

In her complaint, plaintiff alleges that "through his employer, Michael F. Kehoe was offered fringe benefits, including a group life insurance policy issued by UNUM Provident Corporation and/or UNUM Life Insurance Company (hereinafter "UNUM")." (Pl. Compl. at ¶ VI, attached hereto as "Exhibit C"). Further, plaintiff alleges that the defendants calculated the premiums which were paid for by payroll deductions, that she is the named beneficiary, that she is entitled to a specific dollar amount and that she asserted a claim for benefits. (Exh. C at ¶ VIII -X, XII). Thus, it does not appear that plaintiff disputes the existence of an employee benefit plan in general and while plaintiff may dispute the terms of the plan by which she is bound, it is evident that a plan undeniably existed, thereby answering, in the affirmative, the first prong of the court's inquiry.

###### 2.    *Does the ERISA Safe Harbor Provision Apply?*

The Department of Labor has established a four-pronged ERISA "safe harbor." *See* 29

C.F.R. §§ 2501.3-1(j). In order to come within the safe harbor, and thus be exempt from ERISA,

a plan must satisfy **all four** criteria. See *Meredith v. Time Ins. Co.*, 980 F. 2d 352, 355 (5th Cir.

1993). Stated differently, if the plan fails to satisfy at least one prong, it **remains eligible** for ERISA

status. The Fifth Circuit Court of Appeals has adopted the Labor Department's safe harbor standard

as law and holds that "an insurance policy is not governed by ERISA if (1) the employer does not

contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting

premiums and remitting them to the insurer; **and** (4) the employer received no profit from the plan."

*McNeil*, 205 F. 3d at 190. In the instant case, it is clear that the Ryder plan at issue does not satisfy

all four criteria and therefore falls outside of the safe harbor exclusion.

###### a.    <u>Employer Contribution</u>

Mr. Kehoe's claim with UNUM initially commenced as a claim for LTD benefits, which

UNUM approved and paid. Subsequently, Mr. Kehoe passed away on May 21, 2004 (UACL 00380).

The captioned lawsuit has been initiated by Mrs. Kehoe, the beneficiary of Mr. Kehoe's life benefits,

seeking additional life benefits over and above what UNUM has already paid under the Life policy.

Even though the lawsuit involves the Life policy only, UNUM will address both policies in

establishing Ryder's contribution to the employee welfare benefit plan.

According to the terms of the LTD policy, the employer paid the entire cost of the coverage

for employees who selected "Option A," and the employee paid the entire cost of coverage if the

employee selected "Option B" or "Option C" under the LTD plan. (Exh. B-1 at UACL 00094, 103;

See also Bradley Aff., Exh. B at ¶ 7). According to the terms of the Life policy, the employer paid

the entire cost of the coverage for the basic benefit, and the employee paid the entire cost of coverage

for any additional benefits, over and above the basic benefit amount.  (Exh. A-2 at UACL 00413,

00425; See also Perrigo Aff., Exh. A at ¶ 9).

The supplemental life insurance benefits were "a feature of the Plan, notwithstanding the fact

that the cost of such coverage had to be contributed to by the employee."  See *Smith v. Jefferson*

*Pilot Life Ins. Co.,* 14 F. 3d 562, 567 (11th Cir. 1994) *cert. denied* 513 U.S. 808, 115 S. Ct. 57, 130

L. Ed. 2d 15 (1994) (This case involved dependent coverage paid for by an employee).  The safe

harbor provision was not intended to "exempt from ERISA coverage the commonplace situation

where dependent coverage is paid for by plan participants." *Id.* at 568.  **Instead, the safe harbor**

**regulation, by its own words, applies only to situations in which "no contribution" is made by**

**the employer.**  29 C.F.R. § 2510.3-1(j)(1) (emphasis added).

Ryder paid the entire cost for the basic life insurance benefit at no cost its employee,

plaintiff's husband Michael Kehoe.  Only by accepting this benefit could Mr. Kehoe choose to seek

supplemental coverage and the supplemental coverage cannot be severed from the life insurance

benefit undisputedly paid for by Ryder.  See *Glass v. United Omaha Life Ins. Co.,* 33 F. 3d 1341,

1345 (11th Cir. 1994) (The Eleventh Circuit held that additional life insurance paid for by an

employee was part and parcel of the underlying subsidized ERISA life policy); see also *Gaylor v.*

*John Hancock Mut. Life Ins. Co.* 112 F. 3d 460, 463 (10th Cir. 1997) (optional coverage paid for by

an employee cannot be severed from the overall benefit plan); *Postma v. Paul Revere Life Ins. Co.,*

223 F. 3d 533, 538 (7th Cir. 2000) ("For purposes of determining whether a benefit plan is subject

to ERISA, its various aspects ought not be unbundled.").  Accordingly, in the case at hand, the Ryder

plan fails to satisfy the first criteria of ERISA's safe harbor exemption.

### b.    Employer Involvement

UNUM submits that Ryder's role clearly involved more than merely collecting premiums and remitting them to the insurer.  The affidavits of William Tyson Bradley, II and Kevin Perrigo establish that Ryder negotiated the terms and provisions contained in the group LTD and Life insurance policies such as the length of the elimination period, the amount of benefits provided and the policy definitions. (Perrigo Aff. Exh. A at ¶15; Bradley Aff., Exh. B at ¶13).   Furthermore, pursuant to the terms of both the LTD and Life policies, Ryder System, Inc., the policyholder and employer, is required to furnish UNUM, on a regular basis:  (1) information about employees who are eligible to become insured, whose amounts of coverage change and/or whose coverage ends; (2) occupational information and any other information that may be required to manage a claim; and (3) any other information that may be reasonably required.  (Perrigo Aff., Exh. A at ¶10 and Exh. A-2 at UACL 00416; See also Bradley Aff., Exh. B at ¶8 and Exh. B-1 at UACL 00098).  Under both policies, the employer likewise agreed to make any of its records which, in UNUM's opinion, have a bearing on the policy to be made available for review by UNUM at any reasonable time.  (Perrigo Aff. at ¶ 11 and Exh. A-2 at UACL 00416; See also Bradley Aff., Exh. B at ¶9 and Exh. B-1 at UACL 00097).  Under both polies, the employer is required to submit all premium payments to UNUM.  (Perrigo Aff. at ¶ 12 and Exh. A-2 at UACL 00417; See also Bradley Aff., Exh. B at ¶10 and Exh. B-1 at UACL 00098).  Further, only the employer, Ryder System, Inc., and/or UNUM has the authority to cancel the LTD or Life policy.  (Perrigo Aff. at ¶ 13 and Exh. A-2 at UACL 00416; See also Bradley Aff., Exh. B at ¶11 and Exh. B-1 at UACL 00097).

It is undisputable that Ryder took an active role in selecting and administering the benefit package that it provided to its employees.  Both the LTD and Life policies specifically designate

Ryder System, Inc. as the Plan Administrator and a named fiduciary of the plan, with authority to

delegate its duties. (Exh. B-1 at UACL 00070; Exh. A-2 at UACL 00393) Ryder is also designated

as the Agent for service of legal process on the plan. *Id.* The plan specifically affords Ryder the

right, in its "**sole and absolute discretion, to amend, modify, or terminate, in whole or in part,**

**any or all provisions of this Plan (including any related documents and underlying policies),**

**at any time and for any reason or no reason. . . .**" (Exh. B-1 at UACL 00069; Exh. A-2 at UACL

00392) (emphasis added).

Further, the administrative record reflects that Ryder communicated directly with plaintiff

regarding her entitlement to benefits, specifically referencing the "Ryder Summary Plan Description"

and providing a detailed explanation regarding the relevant policy provisions. (UACL 00250-253).

Ryder clearly had an active role in the administration of its employee benefit plan and, therefore, the

Ryder plan also fails the third prong of the ERISA "safe harbor" criteria.

### c.   <u>Voluntary Participation</u>

Since the Ryder LTD and Life policies clearly fail to satisfy the first and third prongs of the

"safe harbor" exclusion criteria, the plan is <u>not</u> exempt from ERISA coverage and it is unnecessary

to conduct a detailed analysis into the second and fourth criteria.  However, it should be noted that

participation in the plan was **automatic** rather than voluntary.  Ryder provided certain basic benefits

to its employees simply by virtue of their status as a Ryder employee.  Further, participation was not

entirely voluntary because the plan contained minimum participation requirements.  For example,

the terms of the policy provided that it could be canceled, at UNUM's or Ryder's option, if (a) less

than 100% of eligible employees participated in the employer paid plan; (b) there was less than 25%

participation of eligible employees who paid all or part of the premium for the basic benefit plan;

(c) the number of employees insured for all additional benefits was less than 15 lives or 25% of those

eligible, whichever was greater (Life policy); or (d) the number of employees insured under the plan

decreases by 25% (Life policy) or fewer than 25 employees (LTD policy).  (Exh. A-2 at UACL

00392; Exh. B-1 at UACL 00069).  Therefore, based on the foregoing, UNUM submits that the Ryder

plan was <u>not</u> exempt from coverage under ERISA by virtue of its safe harbor provisions and

accordingly answers the second prong of the court's inquiry.

### 3.    *Was the Plan Established or Maintained to Benefit Employees?*

Finally, in order to determine whether or not the benefits that Ryder provided to its

employees, including the supplemental life insurance benefit, constituted an "ERISA plan," the

court must ask "whether an employer established or maintained the plan" and "whether the employer

intended to provide benefits to its employees." *Meredith*, 980 F. 2d at 355.

Unquestionably, Ryder established and maintained a benefits package for its employees.

Ryder provided its employees with a Summary Plan Description setting forth the various benefits

it provided.  (See Perrigo Aff. at ¶ 16 and Exh. A-3; see also Bradley Aff. at ¶ 14 and Exh. B-2).  A

reasonable person could reach no other conclusion but that the intended benefits are long term

disability insurance (Exh. B-1 at UACL 00058-105 and Exh. B-2) and life insurance (Exh. A-2 at

UACL 00383-428 and Exh. A-3); that the participants are employees of Ryder System, Inc. (Exh.

A-2 at 00413, 00426; Exh. B-1 at UACL 00094, 00103); that, depending on which plan option the

employee selected under the LTD policy, the premiums were paid entirely by the employer or the

employee (Exh. B-1 at UACL 00094, 00103); that the employer paid the entire premium under the

Life policy for the basic benefit amount and that the employee paid the premium for any additional

benefit amount (Exh. A-2 at UACL 00413, 00425); and that benefits would be received by

10

submitting proof of claims to the claims administrator under both policies (Exh. B-1 at UACL 00100; Exh. A-2 at UACL 00420).

Furthermore, the Life and LTD policies both unequivocally state that the plans are ERISA plans. (Exh. A-2 at UACL 00389-393 and Exh. A-3, SPD at 31-35; Exh. B-1 at UACL 00065-70 and Exh. B-2 SPD at 31-36).   Both policies informed employees of "Your Rights Under ERISA" including the right to examine plan documents, obtain copies of plan documents, receive a copy of the plan's annual report. (Exh. A-2 at UACL 00389-390 and Exh. A-3, SPD at 34-35; Exh. B-1 at 00065-66 and Exh. B-2, SPD at 35-36). Both policies also informed employees how to protect their rights under ERISA, and noted that ERISA prohibits discrimination intended to prevent employees from receiving a plan benefit or from exercising their rights under ERISA.  *Id.*  Employees are informed that questions regarding the plan should be directed to Ryder, the plan administrator. (Exh. A-2 at UACL 00389 and Exh. A-3, SPD at 35; Exh. B-1 at 00065 and Exh. B-2, SPD at 36). Clearly, Ryder  is an indispensable element to the administration of both Plans.

Thus, the Ryder System, Inc. LTD and Life policies comprise an employee welfare benefit plan within the meaning of ERISA, thereby answering, in the affirmative, the third prong of the court's inquiry.  Accordingly, UNUM respectfully requests that this Honorable Court grant its Motion and declare that the LTD Policy and the Life Policy issued by UNUM to Ryder System, Inc. arise under, and are therefore governed by, ERISA.

**B.**     *Plaintiff is not entitled to a jury trial.*

Plaintiff's Complaint asserts a claim for additional life benefits under a group policy issued to plaintiff's husband's employer, Ryder System, Inc.  As argued *supra*, said group policy is part of an Employee Welfare Benefit Plan governed by the Employee Retirement Income Security Act of

11

1974 ("ERISA"), 29 U.S.C.A. § 1001, *et seq.* Federal courts have consistently held that ERISA

claims do not entitle a plaintiff to a jury trial. *Calamia v. Spivey*, 632 F. 2d 1235 (5th Cir. 1980);

*Borst v. Chevron*, 36 F. 3d 1308 (5th Cir. 1994). District courts in this Circuit have likewise

uniformly recognized that a plaintiff asserting claims under ERISA is not entitled to a jury trial.

*Burns v. Harrah's Operating Company*, 1998 WL 915859 (E.D. La. 1998); *Arnold v. F. A. Richard*

*& Associates, Inc., et al*, 2000 WL 1693659 (E.D. La. 2000); *Salameh v. Provident Life & Accident*

*Insurance Company*, 23 F. Supp. 2d 704 (S.D. Tex. 1998).

In *Calamia, supra*, the Fifth Circuit held that the provisions of ERISA did not entitle the

plaintiff to a jury trial. The Court found that the plaintiff's claims for a declaration of his rights as

to his future entitlement of benefits and to grant compensatory and punitive damages under a pension

plan governed by ERISA were equitable in nature, and did not entitle him to a jury trial.

In *Borst, supra*, the Fifth Circuit held that the plaintiffs's ERISA claims seeking distribution

of surplus plan assets and the plaintiffs's claims for breach of the plan's fiduciary duties were also

equitable in nature; therefore, the plaintiffs were not entitled to a jury trial under the Seventh

Amendment. The court found that the plaintiffs's request for distribution of surplus assets, as well

as the claims for breach of fiduciary duty, were equitable in nature because the plaintiffs sought

restitution of money allegedly wrongly held by the defendant.

An examination of both the nature of the issues involved in the case at hand and the remedy

sought by Mrs. Kehoe demonstrates that the only viable claims are those asserted under ERISA to

recover life benefits and to enforce her rights as a beneficiary under the benefit plan at issue. As in

*Calamia* and *Borst, supra*, Mrs. Kehoe's claims are restitutionary in nature because these claims seek

restitution of money allegedly wrongly held by UNUM. Thus, Mrs. Kehoe's claims are equitable in

nature. As such, Mrs. Kehoe is not entitled to a trial by jury. Accordingly, UNUM respectfully requests that its Motion to Strike Jury Demand be granted and that Mrs. Kehoe's jury demand be stricken from the Court record.

**C.**     ***Plaintiff's claims arising under state law are preempted by ERISA.***

Mrs. Kehoe's Complaint seeks recovery of "damages, penalties, and attorney's fees as a result of defendant's failure to pay this claim in a timely manner without probably cause . . . [in] violation of defendant's statutory duties under La. R.S. 22:656 and 22:1220" along with "general and special damages, including mental anguish . . . [and] penalties of two times such damages."[2] These claims are preempted by ERISA.

The Supreme Court has held that the "purpose of ERISA is to provide a uniform regulatory regime over employee benefits plans. To this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc., et al. v. Davila, et al.,* 124 S. Ct. 2488, 2495, 159 L. Ed. 2d 312, 72 USLW 4516 (2004). In discussing the "comprehensive legislative scheme" of ERISA, the Supreme Court stated the following:

> The detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. **The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.** The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly. . . . **Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA**

---

[2]Rec. Doc. 1, Pl. Complaint, Exh. C at 5-7.

> **civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.** . . .

*Davila*, 124 S. Ct. at 2495 (internal citations omitted) (emphasis added).

The Court stated further that it has <u>never suggested</u> "that the pre-emptive force of ERISA § 502(a) is limited to the situation in which a state cause of action precisely duplicates a cause of action under ERISA § 502(a)." *Davila*, 124 S. Ct. at 2499. The Court explained that in most cases a plaintiff must prove facts beyond the bare minimum necessary to establish entitlement to an award to receive exemplary damages on a state claim. *Id.*

For example, to recover mental anguish, the plaintiff must prove the existence of mental anguish, and "there is no such element in an ordinary suit brought under ERISA § 502(a)(1)(B)." *Id.* The fact that claims for exemplary damages or mental anguish are not duplicative of a cause of action under Section 502 (a)(1)(B) "did not save these state causes of action from preemption[;] Congress' intent to make the ERISA civil enforcement mechanism exclusive would be undermined if state causes of action that supplement the ERISA § 502(a) remedies were permitted, even if the elements of the state causes of action do not precisely duplicate the elements of an ERISA claim." *Id.* at 2499-2500.

Similarly in the case at hand, Mrs. Kehoe seeks to supplement ERISA remedies with her claims for damages, penalties, attorney's fees, and general and special damages, including mental anguish. Such remedies are not provided for in Section 502(a), 29 U.S.C.A. § 1132(a), claims for recovery of benefits.

Furthermore, the statutes cited in plaintiff's complaint, La. Rev. Stat. 22:656 and 22: 1220, have been specifically held to be preempted by ERISA. See *Anderson v. Business Men's Assurance*

14

*Co. et al.*, 2003 WL 21305335 (E.D. La. 2003). The *Anderson* court reasoned that 22:656 provides

for interest as a penalty and "Courts have routinely held that penalty statutes are pre-empted." *Id.*

at *9. The Court analogized the penalty nature of 22:656 (which relates to life insurance policies)

with the penalties afforded in 22:657 (which relates to health and accident policies) and noted that

several courts have held that 22:657 is preempted by ERISA because it provides remedies not

allowed under the civil enforcement provision of ERISA. *Anderson*, 2003 WL 21305335 at *10.

Likewise, the *Anderson* court determined that the damages afforded under 22:1220 are also

preempted by ERISA "because it provided remedies that are outside the ambit of ERISA's civil

enforcement provision." *Id.* at *9.

Therefore, Mrs. Kehoe's state law claims, including but not limited to claims for general and

special damages, penalties of any nature, mental anguish, and attorney's fees, should be deemed

preempted and thereby dismissed. Accordingly, UNUM respectfully requests that this Honorable

Court grant its Motion and dismiss, with prejudice, all state claims asserted in these proceedings, for

failure to state a cause of action.

## III.   CONCLUSION

For the foregoing reasons, UNUM Life Insurance Company of America respectfully requests

that this Honorable grant UNUM's three motions and declare the following: (1) that the Long Term

Disability Policy and the Life Policy issued by UNUM to Ryder System, Inc. are part of an employee

welfare benefit plan governed by ERISA; (2) that Plaintiff is not entitled to a jury trial and therefore

the jury demand is stricken from the record; and (3) that all claims asserted by plaintiff which arise

under state law are preempted by ERISA and are thereby by dismissed with prejudice.

Respectfully Submitted,

*Lauren A. Welch*

LAUREN A. WELCH (La. Bar No. 17199)
RETHA E. KARNES (La. Bar No. 26355)
MCCRANIE, SISTRUNK, ANZELMO
HARDY, MAXWELL & MCDANIEL PC
3445 North Causeway Boulevard, 8th Floor
Metairie, LA 70002
Telephone: 504-831-0946
Direct Fax No.: 504-831-8585
*Attorneys for Defendant, UNUM Life Insurance
Company of America*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all

counsel of record by placing same in the United States mail, postage prepaid and properly

addressed this 14th day of March, 2006.

*Lauren A. Welch*

LAUREN A. WELCH
RETHA E. KARNES

16

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED