FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 25 PM 4:03

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDY S. KEHOE | * | CIVIL ACTION |
| VERSUS | * | NO: 05-2139 |
| RYDER TRUCK RENTAL, INC., UNUMPROVIDENT CORPORATION, UNUM LIFE INSURANCE COMPANY, AND FIDELITY INVESTMENTS INSTITUTIONAL SERVICES COMPANY, INC. | * | SECTION "F" JUDGE MARTIN L.C. FELDMAN MAGISTRATE 1 JUDGE SALLY SHUSHAN |

\* \* \* \* \* \* \* \*

## OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS CLAIMS FOR EQUITABLE RELIEF

**MAY IT PLEASE THE COURT:**

Plaintiff, Judy S. Kehoe, as the beneficiary of a life insurance policy underwritten by Unum Life Insurance Company, seeks to recover $148,000 in supplemental life insurance benefits because her husband, Michael S. Kehoe, made application for supplemental life insurance benefits during the annual enrollment period and paid premium for the supplemental life insurance benefits through systematic payroll deductions. Plaintiff opposes Unum's Motions to Dismiss because issues of material fact exist as to whether Michael Kehoe complied with all the requirements of the plan, or in the alternative, the plan requirements are sufficiently vague

1

and ambiguous to preclude the granting of summary judgment or a motion to dismiss in Unum's favor.

## PRELIMINARY STATEMENT

Michael Kehoe applied for supplemental life insurance benefits during the 2003 annual enrollment period and subsequently paid premium for these benefits. Upon his untimely death in May 2004, his wife, Judy Kehoe made a claim for life insurance proceeds from Unum Life Insurance Company for the sum of $222,000, but Unum only paid the $75,000 which reflects the base life insurance benefit provided to Michael Kehoe by his employer, Ryder Truck Rental, Inc.

Unum refuses to pay the remaining $148,000 and seeks summary judgment claiming it was totally unaware of Michael Kehoe's application for supplemental life insurance benefits, even though premiums had been calculated and collected from Mr. Kehoe's paycheck for several months. Unum further claims it lacked "proof of good health" and/or "proof of insurability" and also claims that Mr. Kehoe never returned to work on or after the effective date of the supplemental insurance.

Contrary to Unum's assertions, Mr. Kehoe had provided Unum with health information and he also performed material duties of his employment following the effective date of the supplemental insurance, January 1, 2004. Accordingly, this Court should deny Unum's motions to dismiss because this Court should not sanction the actions of Unum, as a claims fiduciary and

the insurer, who improperly conducted a flimsy investigation of Mr. Kehoe's work activities and, most significantly, failed to keep track of or notify applicants of a decision concerning coverage under the policies under its group plans while continuing to receive premiums. Michael Kehoe satisfied the terms and conditions for coverage under the plan and Mrs. Kehoe is entitled to collect the life insurance proceeds, or in the alternative, the terms and conditions of coverage are vague and ambiguous and must be reviewed *de novo* by this Court.

## FACTUAL BACKGROUND

Plaintiff, Judy S. Kehoe, is the beneficiary of a life insurance policy on her deceased husband, Michael Kehoe. As an employee of Ryder Truck Rental, Inc., Michael Kehoe was insured under a life insurance policy underwritten by defendant, Unum Life Insurance Company. Even though the company provided a base life insurance benefit of one year's salary to its employees, Ryder employees were given an option each year during the enrollment period to obtain supplemental life insurance benefits. In particular, during the enrollment period in 2003, Judy Kehoe filled out the applicable online forms and elected, on behalf of her husband, additional life insurance of two times earnings. [UACL 00269-270 and Declaration of Judy Kehoe, Exhibit "A"]. As the administrative record reflects, Michael Kehoe had "additional life insurance 2 x earning" in the amount of $148,000 for year 2004 with a coverage start date of January 1, 2004 and a coverage end date of May 31, 2004. [UACL 00267-00268].

On November 25, 2003, plaintiff received a Statement of Benefit Elections indicating the amount of monthly contribution for benefits that would be withdrawn from Michael Kehoe's paycheck as of January 1, 2004. [Declaration of Judy Kehoe, Exhibit "A."] At that time, Ms. Kehoe was under the impression that the determination of additional life insurance benefits was pending. On January 15, 2004, Mr. Kehoe received a paycheck from Ryder that comported with the monthly contributions as stated in the Statement of Benefit Elections. [UACL 00234] Significantly, however, Mr. Kehoe's January 31, 2004 paycheck reflected a deduction for the additional life insurance benefits retroactive to January 1, 2004. [UACL 00235]. Thereafter, the premium for additional life insurance benefits was deducted bimonthly in accordance with a regular payment schedule through Mr. Kehoe's last pay period ending on May 28, 2004. [UACL 00235-00245].

After January 1, 2004, Michael Kehoe continued to perform the material and substantial duties of his regular occupation, albeit his ability to continue to do so lessened while his condition deteriorated in April-May 2004. [Declaration of Judy Kehoe, Exhibit "A."] Further, Unum requested and received medical information on Michael Kehoe, but never denied coverage. Meanwhile, Mr. Kehoe continued to pay life insurance premiums. [*Id.*] Finally, as further proof that Michael Kehoe worked for Ryder in 2004, he was recognized by Ryder for his

contributions under the Ryder plan and Ms. Kehoe received a check for a bonus payment in the amount of $2,487.75.[1] [Declaration of Judy Kehoe, Exhibit "A."]

## LAW AND ARGUMENT

Summary judgment is only granted if the pleadings, depositions, answers to interrogatories, admissions, together with affidavits show that there is no genuine issue of any material fact and that the defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. When considering a motion for summary judgment, the Court must "review the facts, drawing all inferences most favorable to the party opposing the motion." *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004).

Unum provides two grounds upon which it relies on its denial of Ms. Kehoe's claims, as well as its Motion for Summary Judgment. However, when these issues are reviewed in the light most favorable to the plaintiff, the Unum's Motion for Summary Judgment must be denied.

First, Unum contends that Mr. Kehoe did not engage in the material and substantial duties of his occupation on or after January 1, 2004. This issue is clearly contested as conflicting records exist on whether Michael Kehoe performed work for his employer during this time. The affidavit of Judy Kehoe as well as the receipt by Judy Kehoe of the bonus for Michael Kehoe's

---

[1] This bonus check was not received until after Ms. Kehoe filed her lawsuit against Ryder, Fidelity, and Unum.

work during 2004 demonstrates that a material issue of fact exists concerning whether Michael Kehoe was engaged in the material duties of his employment in 2004.

Unum's summary plan description provides the additional coverage would begin on the day when Michael Kehoe performed the material and substantial duties of his regular occupation. (UACL 00388)  Unlike the cases cited by Unum, Michael Kehoe was not hospitalized and/or completely immobilized by his medical condition for the entire policy period. *See e.g., Smillie v. Travelers, Ins. Co.*, 302 N.W.2d 258, 259 (Mich. App. 1980); *Todd v. Dow Chemical Co.*, 760 F.2d 192, 195 (8th Cir. 1985).  Instead, Michael Kehoe performed the material duties of his regular occupation, including but not limited to, working on his computer from home, visiting his assigned locations in his territory, preparing reports, and providing instructions and guidance to the employees in his charge. *See* Declaration of Judy Kehoe, Exhibit "A."  Accordingly, Michael Kehoe did perform the material and substantial duties of his occupation during the coverage period, and Unum's Motion for Summary Judgment on this point should be denied.

Second, Unum contends that coverage would not take effect until after receipt and approval of the "evidence of insurability." *See* Unum's Memorandum in Support of Motion for Summary Judgment at p. 15.  The "evidence of insurability" is simply a statement of an employee's medical history and Unum was in possession of Michael Kehoe's medical information prior to his untimely death in May 2004.  [UACL 00112-00114 and Declaration of

Judy Kehoe, Exhibit "A".] Unum cannot dispute that it was in possession of the relevant medical information on Michael Kehoe, yet it did not inform Michael Kehoe that coverage was denied. Instead, premiums were deducted from Mr. Kehoe's paycheck on a continuing basis up until Mr. Kehoe's last paycheck. [UACL 00286-00297 and Declaration of Judy Kehoe, Exhibit "A".]

## CONCLUSION

As stated above, Plaintiff has presented this Court with issues of fact regarding whether Unum's policy provides coverage in favor of Michael Kehoe's beneficiary—Judy Kehoe. Plaintiff respectfully submits that this evidence raises sufficient issues of fact that preclude summary judgment and/or dismissal of plaintiff's claims against Unum. For these reasons, plaintiff, Judy Kehoe, requests this Honorable Court to deny Unum's motions, allowing this case

to proceed to trial.

Respectfully submitted,

**REICH, MEEKS & TREADAWAY, L.L.C.**

*/s/ Michelle O'Daniels*
**ROBERT S. REICH (#11163)**
**MICHELLE M. O'DANIELS (#23235)**
Two Lakeway Center, Suite 1000
3850 N. Causeway Blvd.
Metairie, LA 70002
Telephone: (504) 830-3999
Facsimile: (504) 830-3950
***Attorneys for Judy S. Kehoe***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing pleading has been served upon all counsel of record to this proceeding, via hand delivery, facsimile transmission, or U. S. Mail, postage prepaid and properly addressed, this 25th day of July, 2006.

*/s/ Michelle O'Daniels*

8